United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ANDREA NUNEZ,<br>　　　　Defendant. | Case No.  14-cr-00300-JST-1<br><br>**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: ECF No. 6 |

In 2010, Andrea Nunez was sentenced to 37 months of imprisonment and five years of supervised release for her role in transporting marijuana into the United States from Mexico. Nunez has completed 38 months of supervised release and now seeks early termination of supervised release pursuant to Federal Rule of Criminal Procedure 32.1(c) and 18 U.S.C. § 3583(e). The United States Attorney's Office does not oppose the motion. The Court held a hearing on this motion on April 10, 2015, and now grants Nunez's motion for early termination of supervised release.

"[A] court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014) (citing 18 U.S.C. § 3583(e)). These standards are intentionally open-ended, granting district courts the "discretion to consider a wide range of circumstances when determining whether to grant early termination." Id. 18 U.S.C. § 3583(e), pertaining to "modification of conditions or revocation," also directs courts to consider certain relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

While the United States Probation Office does not oppose Nunez's motion, it emphasizes its position that "[c]ompliance with the terms of supervision is expected, and alone does not warrant early termination of supervision." ECF No. 9 at 1 (citing United States v. Lussier, 104

F.3d 32, 36 (2d Cir. 1997) and United States v. McKay, 325 F. Supp. 2d 359, 360 (E.D.N.Y. 2005)); see also United States v. Bauer, No. 5:09-CR-00980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012) ("compliance with release conditions, resumption of employment and engagement of family life-are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate."). The Probation Office also states that "[a]bsent extenuating circumstances, or above average performance while on supervision, an offender is expected to complete the full term of supervised release as ordered by the Court." ECF No. 9 at 2.

While the Court agrees with the Probation Office that an individual's mere compliance with release conditions does not by itself justify early termination in every case, the Court does not believe that extraordinary circumstances are required for the Court to grant early termination. District courts have "broad discretion" to grant early termination of supervised release in those circumstances where they conclude that continued supervision is unlikely to provide any additional benefit to the individual or the community. Emmett, 749 F.3d at 819. The Ninth Circuit's decision in Emmett encouraged courts to consider "a broad range of factors" in the inquiry into early termination and noted that the expansive statutory language of Section 3583(e) would not support "a blanket rule denying early termination whenever a defendant fails to prove undue hardship." Id.

Turning to consideration of Nunez's personal circumstances, the Court concludes that early termination is warranted in light of her outstanding conduct while on release and the Court's belief that continued supervision would not serve the interest of justice. Nunez's conduct since her release has been exceptional. She has been employed consistently since the date of her release in July 2011. She has been working at the Contra Costa County Public Defender's Office since April of 2012. Michelle Dawson, Nunez's former supervisor in that office, has written in support of Nunez's request for early termination, noting her "warm, positive presence," ability to lead by example, and "professionalism and empathy." ECF No. 6-1 at 4. Nunez has also enrolled in community college in order to further expand potential employment opportunities. In addition to these responsibilities, Nunez cares for her 7 year old daughter Monica. Because Nunez is "stable,

1    drug-free, and employed," she is not currently receiving any services from the Probation Office.
2    ECF No. 6 at 4.  Nunez has already paid the fine and special assessment related to her sentence.
3    Id.

4    　　　Although, when it was imposed, Nunez's sentence was justified given the nature and
5    circumstances of the offense under 18 U.S.C. 3553(a)(1), in light of Nunez's subsequent conduct,
6    several of the relevant sentencing considerations of Section 3553(a) now weigh in favor of early
7    termination.  Nunez's conduct since release indicates there is no reason to believe that continued
8    supervision is necessary to protect the public.  18 U.S.C. § 3553(a)(2)(C).  Nunez's period of
9    incarceration and the substantial term of supervised release that she has already served have
10   adequately fulfilled the deterrent function of 18 U.S.C. § 3553(a)(2)(B).  Given Nunez's steady
11   employment and independent pursuit of further education, supervised release is not necessary "to
12   provide the defendant with needed educational or vocational training, medical care, or other
13   correctional treatment."  18 U.S.C. § 3553(a)(2)(D).

14   　　　Early termination of Nunez's term of supervised release is thus "warranted by the conduct
15   of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)).  The Court hereby
16   terminates Nunez's term of supervised release.

17   　　　IT IS SO ORDERED.

18
19   Dated:  April 17, 2015
20   　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JON S. TIGAR
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge